(JS-6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 25-2402 JGB (DTBx) | Date | October 15, 2025 |
|---|---|---|---|
| Title | *Karla Jenett Moore v. San Bernardino County Child and Family Services Administration* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DISMISSING Action and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)

On September 7, 2025, Plaintiff Karla Jenett Moore filed a complaint against Defendant San Bernardino County Child and Family Services Administration. ("Complaint," Dkt. No. 1.) The same day, Plaintiff filed a request to proceed in forma pauperis. (Dkt. No. 3.) On September 26, 2025, the Court denied Plaintiff's request and dismissed Plaintiff's Complaint for failure to state a claim upon which relief may be granted. (Dkt. No. 6). The Court allowed Plaintiff to file an amended complaint, if any, by October 2, 2025, and it warned Plaintiff that failure to timely file an amended complaint would result in dismissal of the case without prejudice. (Id.) To date, Plaintiff has not filed an amended complaint.

Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016); Pagtalunan v. Galaza, 291 F.3d 639, 640–43 (9th Cir. 2002). A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). The Court finds that Plaintiff has failed to comply with the Court's order and failed to prosecute this case with reasonable diligence, and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan, 291 F.3d at 642 (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  Plaintiff failed to file an amended complaint by the deadline imposed by the Court, and her Complaint failed to state a claim. (See Dkt. No. 6.)  Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).  Additional delay will also prejudice Defendant, forcing it to spend needless resources on contesting this matter; in fact, Plaintiff has already delayed this action without explanation by failing to amend her Complaint.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").

Accordingly, the Court **DISMISSES** Plaintiff's action **WITHOUT PREJUDICE** and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED**.